Ernest Kurzrok, one of the lot owners of the West Ridgelawn Cemetery, appeared before me on August 12th, 1946, by reason of a notice of motion given to Alfred L. Kirby, the receiver, directing that he show cause why he should not conform with Rule 265 of this court and also why a deed made by said receiver to King Solomon Cemetery, dated October 8th, 1945, and recorded in the office of the County Clerk of Passaic County, February 28th, 1946, should not be set aside.
Pursuant to said notice, the receiver, his solicitor and the solicitors for the King Solomon Cemetery appeared. *Page 69 
The receiver was appointed on March 25th, 1931, and made reports to this court. The receiver filed his last semiannual report on May 15th, 1945, and thereafter by letter dated October 16th, 1945, supplemented his report so that the court was conversant with the affairs of the receivership to October 16th, 1945. No moneys were paid to the receiver after October 16th, 1945, and I, therefore, told the receiver and informed Mr. Kurzrok that I would excuse the receiver from filing any further reports for the reason that the receiver was compiling his final account and report to be submitted to this court in a short time.
The affidavits filed by Mr. Sisselman, vice-president of the Cresthaven Cemetery Association, Inc., allege that prior to February 28th, 1946, pursuant to the order of this court dated October 29th, 1938 (which order was affirmed by the Court of Errors and Appeals), the said association anticipated the payment of moneys due to the receiver and paid the receiver the balance due under said order. At that time a deed was given in accordance with the contracts made between the receiver and the King Solomon Cemetery as the nominee of Cresthaven Cemetery Association, Inc.
Petitioner claims that the deed should be set aside for the reason that Cresthaven Cemetery Association, Inc., was to erect a chapel, to set aside perpetual care funds with the Passaic National Bank for the benefit of lot owners, to make roads, lawns and other improvements in the cemetery. The petitioner offered no proof of the allegations of the petition. The proofs presented to me showed that the order of October 29th, 1938, had been complied with. The order required the expenditure of $25,000 for development and improvements and it appears that about $300,000 has been expended. There is no requirement in any order of this court that the moneys received for perpetual care funds should be deposited with the Passaic National Bank as trustee. William H. Kelly, Samuel I. Kessler and H. Jerome Sisselman were designated trustees for the perpetual care fund which fund amounts to $32,975.95, of which $32,500 has been invested in government bonds and the balance deposited in the Federal Trust Company. *Page 70 
The facts presented by the receiver at the argument demonstrated that the application was without merit.
The petition also alleged that plots of Rose and Benjamin Schwartz were erroneously conveyed by the receiver to the Cresthaven Cemetery Association, Inc. This allegation was not supported by proof. In any event, Mr. and Mrs. Schwartz did not appear except by Mr. Kurzrok who is not a member of the bar of this state.
I, therefore, denied the application and allowed the solicitor of the receiver a counsel fee of $100 to which, I think, he was entitled. *Page 71